UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

| | |
|---|---|
| GEORGE GRECO; JEFFREY ORTIZ; STEVEN INSALACO; JOHN J. WINTERS; MICHAEL RICATTO; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF NEW YORK, and DERMOT SHEA, in his official capacity as Commissioner of the New York City Police Department, <br><br> Defendants. | **DEFENDANTS CITY OF NEW YORK AND COMMISSIONER DERMOT SHEA'S ANSWER TO THE COMPLAINT** <br><br> 20-CV-9265 (LJL) <br><br> **JURY TRIAL DEMANDED** |

------------------------------------------------------------------------------- x

Defendants City of New York and Dermot Shea, in his official capacity as Commissioner of the New York City Police Department, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their answer to the Amended Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint insofar as it sets forth allegations of fact, except admit that plaintiffs purport to proceed in this action as stated therein; insofar as it contains conclusions of law, defendants state that no response is required.

2. Deny the allegations set forth in paragraph "2" of the Complaint insofar as it contains allegations of fact, except admit that plaintiffs purport to proceed in this action as stated therein; insofar as it contains conclusions of law, defendants state that no response is required.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs purport to establish jurisdiction as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs purport to establish jurisdiction as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiffs purport to base venue as stated therein.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that, according to records on file with the NYPD License Division, Plaintiff Greco is 61 years old and maintains an address in Rockaway Park, New York.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit that, according to records on file with the NYPD License Division, Plaintiff Ortiz is 41 years old and owns Da Liquor Store located in Brooklyn, New York.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admits that, according to records on file with the NYPD License Division, Plaintiff Insalaco is 75 years old and maintains an address in Columbia County, New York and works at Calgary Enterprises Consulting.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admits that, according to records on file with the NYPD License Division, Plaintiff Winters is 78 years old, maintains an address on Staten Island, New York, and owns AD-Meyers Uniform Corp.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admit that, according to records

on file with the NYPD License Division, Plaintiff Ricatto is 64 years old and maintains addresses in Deerfield, Florida and Kew Gardens, New York.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that public records indicate The Second Amendment Foundation is incorporated as a Public Benefit Corporation in Washington State, with a principal business address in Bellevue, Washington.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admit that public records indicate Firearms Policy Coalition, Inc. is registered as a foreign nonprofit in the State of California, with a business address in Sacramento, California.

13.     Admit the allegations set forth in paragraph "13" of the Complaint insofar as the City of New York is a municipal corporation organized under the law of the State of New York.

14.     Deny the allegations set forth in paragraph "14" of the Complaint, except admit that the New York City Police Department ("NYPD") is an agency of the City of New York and is a non-suable entity.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Dermot Shea is the NYPD Commissioner, that the NYPD issues handgun licenses for the City pursuant to N.Y. Penal Law § 400.00, and that plaintiffs purport to proceed against Commissioner Shea as stated therein.

16.     State that paragraph "16" of the Complaint is a quote from the Second Amendment to which no response is required.

17. State that paragraph "17" of the Complaint is a quote from the Fourteenth Amendment to which no response is required.

18. Deny the allegations set forth in paragraph 18 of the Complaint, except admit that it is unlawful to possess or carry a handgun without a license in the State of New York, and respectfully refer this Court to N.Y. Penal Law §§ 70.02 and 265.00 et seq. for an accurate recitation of the firearm licensing requirements and potential penalties for failing to comply with the licensing requirements in New York State.

19. State that paragraph "19" of the Complaint contains quotes from N.Y. Penal Law and Osterweil v. Bartlett to which no response are required, and respectfully refer this court to N.Y. Penal Law §§ 265.00 & 400.00, and the Decision in Osterweil, for their full text and true meaning.

20. State that paragraph "20" of the Complaint is a quote from N.Y. Penal Law § 400.00(6) to which no response is required.

21. State that paragraph "21" of the Complaint is a quote from N.Y. Penal Law § 400.00(2) to which no response is required.

22. Deny the allegations set forth in paragraph "22" of the Complaint and respectfully refer this Court to N.Y. Penal Law § 400.00(2)(a)-(g) for an accurate recitation of its contents.

23. Deny the allegations set forth in paragraph "23" of the Complaint insofar as it sets forth allegations of fact, except admit that a person carrying a handgun in violation of a license restriction may be subject to, *inter alia*, suspension or revocation of their license; insofar as it contains quotations from O'Connor v. Scarpino, defendants state that no response is required and respectfully refer this Court to the Decision in O'Connor for its full text and true meaning.

- 5 -

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that, pursuant to the Rules of the City of New York ("RCNY") § 5-01(a)-(e) & § 5-01(1) & (2), NYPD issues the following types of handgun licenses: Premises Licenses, Carry Business Licenses, Limited Carry Business Licenses, Carry Guard Licenses, Special Carry Business Licenses, and Special Carry Guard Licenses, and respectfully refer this Court to the RCNY provisions themselves for an accurate description of the authorizations granted and restrictions imposed by each type of license.

25. State that paragraph "25" of the Complaint contains a quotation from 38 RCNY § 5-03 to which no response is required.

26. Deny the allegations set forth in paragraph "26" of the Complaint insofar as it sets forth allegations of fact; insofar as it contains quotations from 38 RCNY § 5-05, no response is required.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27 of the Complaint except admit that the NYPD issued plaintiff George Greco a Carry Business License in or about 2004, and that the Carry Business License was renewed several times.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that the NYPD received a renewal application for plaintiff Greco's Carry Business License which was set to expire on June 25, 2018.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that the NYPD denied petitioner Greco's renewal application for a Carry Business License by

Notice of Disapproval of Renewal Application dated November 12, 2018, and respectfully refer this Court to the Notice of Disapproval itself for its full text and true meaning.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that a request for an administrative appeal of the Notice of Disapproval of Renewal Application was submitted to the NYPD on plaintiff Greco's behalf, and that bank deposit records were submitted as part of plaintiff Greco's renewal application.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that the NYPD denied plaintiff Greco's administrative appeal by Notice of Disapproval After Appeal dated April 22, 2019 and respectfully refers this Court to the Notice of Disapproval itself for its full text and true meaning.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff Greco does not currently hold a license that would permit him to carry loaded handguns in public in New York City.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint, and admit that, according to records on file with the NYPD License Division, Plaintiff Ortiz maintains an address in Brooklyn, New York and is the owner of Da Liquor Store which is located in Brooklyn, New York, and further admits the NYPD issued a Limited Carry Business License to plaintiff Jeffrey Ortiz on or about March 26, 2015 which permitted plaintiff Ortiz to carry a handgun between the hours of 8:00 a.m. and 12:00 a.m.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that the NYPD received an application for renewal of plaintiff Ortiz's Limited Carry Business License which was set to expire on September 26, 2018.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that, by email dated June 24, 2019, the NYPD notified plaintiff Ortiz that he had not submitted sufficient documentation to support his application for a Limited Carry Business License and requesting additional documentation, and respectfully refer this Court to the email itself for its full text and true meaning.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that the NYPD offered to convert plaintiff Ortiz's renewal application to an application for a Business Premises License, and further admit that plaintiff Ortiz declined such license.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that the NYPD notified plaintiff Ortiz that he had not provided sufficient documentation to support his application for a Limited Carry Business License permitting him to carry a firearm from 8:00 a.m. to 12:00 a.m. daily, but that he was eligible for a Limited Carry Business License permitting him to carry a handgun while traveling between the bank, his business, and his home, and further admit that plaintiff Ortiz declined such license.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that the NYPD denied plaintiff Ortiz's application for a Limited Carry Business License permitting him to carry a firearm from 8:00 a.m. to 12:00 a.m. daily by Notice of Disapproval of Renewal Application dated January 7, 2020 and respectfully refer this Court to the Notice of Disapproval itself for its full text and true meaning.

40.    Deny the allegations set forth in paragraph "40" of the Complaint, except admit that plaintiff Ortiz requested an administrative appeal and argued that cash deposits of up to $2,000 to $3,000 were "substantial" and that his store had been robbed on one occasion.

41.    Deny the allegations set forth in paragraph "41" of the Complaint, except admit that the NYPD denied plaintiff Ortiz's administrative appeal seeking a Limited Carry Business License permitting him to carry a firearm in public daily from 8:00 a.m. to 12:00 a.m. by Notice of Disapproval After Appeal dated November 9, 2020, and respectfully refer this Court to the Notice of Disapproval itself for its full text and true meaning.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint, except admit that plaintiff Ortiz does not currently hold a license which would permit him to carry a loaded firearm outside of his residence or business in New York City.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint, and respectfully refer this Court to N.Y. Penal Law § 400.00 for an accurate recitation of its contents.

45.    Deny the allegations set forth in paragraph "45" of the Complaint, except admit that plaintiff Insalaco was issued a Special Carry Business license by the NYPD in or about 2012 and that the License was renewed in or about 2015.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that plaintiff Insalaco submitted an application to renew the Special Carry Business License, which was set to expire on or about July 7, 2018.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that the NYPD denied plaintiff Insalaco's application for a Special Carry Business License by Notice of Disapproval of Renewal Application dated January 7, 2020, and respectfully refer this Court to the Notice of Disapproval itself for its full text and true meaning.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit that plaintiff Insalaco appealed the Notice of Disapproval of Renewal Application to the NYPD and that he argued that his renewal application was similar to those he submitted in the past.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that the NYPD denied plaintiff Insalaco's administrative appeal by Notice of Disapproval After Appeal dated February 22, 2020, and respectfully refer this Court to the Notice of Disapproval itself for its full text and true meaning.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint, except admit that plaintiff Insalaco is not licensed by the NYPD to carry a loaded firearm in public in New York City currently.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint, except admit that plaintiff Winters was issued a Carry Business license by the NYPD in or about 2014 and that the License was renewed in or about 2017.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit that plaintiff Winters submitted an application to renew his Carry Business License which was set to expire on April 17, 2020.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit that the NYPD notified plaintiff Winters on July 23, 2020 that he had not provided sufficient documentation to support his application for a Carry Business License and requested additional documentation.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except admit that the NYPD notified plaintiff Winters on or about November 5, 2020 that he was not eligible for a Carry Business License and offered a Business Premises License, and respectfully refer this Court to the email itself for an accurate recitation of its contents.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except admit that plaintiff Winters did not accept the NYPD's offer of a Business Premises License.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint, except admit that plaintiff Winters is not licensed by the NYPD to carry a loaded firearm in public in New York City currently.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint, except admit that plaintiff Ricatto was issued a Carry Business license by the NYPD on or about June 5, 2019.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that plaintiff Ricatto submitted an application to renew the Carry Business License which was set to expire on December 4, 2019.

62. Deny the allegations set forth in paragraph "62" of the Complaint, except admit that the NYPD notified plaintiff Ricatto on February 17, 2020 that he had not provided sufficient documentation to support his application for a Carry Business License and requested additional documentation.

63. Deny the allegations set forth in paragraph "63" of the Complaint, except admit that the NYPD denied plaintiff Ricatto's application for a Carry Business License by Notice of Disapproval of Renewal Application dated July 17, 2020, and respectfully refer this Court to the Notice of Disapproval itself for an accurate recitation of its contents.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint, except admit that plaintiff Ricatto is not licensed to carry a loaded firearm in public in New York City currently.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint, except admit that plaintiffs purport to proceed in this action as stated therein.

71. State that paragraph "71" of the Complaint sets forth legal conclusions to which no response is required, and respectfully refer this Court to the cases cited therein for their full text and true meaning.

72. State that paragraph "72" of the Complaint sets forth legal conclusions to which no response is required, and respectfully refer this Court to the cases cited therein for their full text and true meaning.

73. State that paragraph "73" of the Complaint sets forth legal conclusions to which no response is required, and respectfully refer this Court to the cases cited therein for their full text and true meaning.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

76. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

77. Defendants City of New York and Dermot Shea have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

78. This action may be barred, in whole or in part, by a lack of standing.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

79. Any claims by plaintiffs John J. Winters and Michael Ricatto may be barred, in whole or in part, by plaintiffs' failure to exhaust administrative remedies.

**WHEREFORE**, Defendants City of New York and Dermot Shea request judgment dismissing the Complaint as against them, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

February 19, 2021
New York, New York

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York & Dermot Shea*
100 Church Street
New York, New York 10007
(212) 356-2369

By: /S
　　Aimee K. Lulich
　　Assistant Corporation Counsel

cc:　David D. Jensen, Esq. (By ECF)
　　　Attorney for Plaintiffs

20-CV-9265 (LJL)

| |
|---|
| UNITED STATE DISTRICT COURT<br>SOURTHERN DISTRICT OF NEW YORK |
| GEORGE GRECO; JEFFREY ORTIZ; STEVEN INSALACO; JOHN J. WINTERS; MICHAEL RICATTO; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF NEW YORK, and DERMOT SHEA, in his official capacity as Commissioner of the New York City Police Department,<br>Defendants. |
| **DEFENDANTS CITY OF NEW YORK AND DERMOT SHEA'S ANSWER TO THE COMPLAINT** |
| **JAMES E. JOHNSON**<br><br>Corporation Counsel of the City of New York<br>*Attorney for Defendants City of New York & Dermot Shea*<br><br>100 Church Street Rm 5-318<br>New York, N.Y. 10007<br><br>Of Counsel: Aimee K. Lulich<br>Tel: (212) 356-2369<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ..................................... , 2021 . . .*<br><br>*...................................................................... Esq.*<br><br>*Attorney for ..........................................................* |