

**GEORGIA PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

August 4, 2021

**BY ECF**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    George Greco, et. al. v. City of New York, et. al.,
                20-CV-9265 (LJL)

Your Honor:

      We are attorneys in the office of Georgia Pestana, Acting Corporation Counsel of the City of New York, attorney for defendants City of New York and Dermot Shea in the above-entitled action. Defendants write, jointly with plaintiffs, to respectfully request a stay of the instant matter until after a decision is rendered by the United States Supreme Court ("Supreme Court") in New York State Rifle and Pistol Ass'n Inc. v. Bruen, Docket No. 20-843 ("Bruen") (formerly NYSRPA v. Corlett).

      As the Court may recall, plaintiffs in the instant matter challenge the "proper cause" requirement to obtain a concealed carry handgun license as set forth in New York State Penal Law § 400.00(3) and as applied to applications for concealed carry gun licenses in the City of New York through Title 38, Section 5-03 of the Rules of the City of New York ("RCNY"). Plaintiffs seek to change the law as set forth by the Second Circuit in Kachalsky v. Co. of Westchester, 701 F.3d 81 (2d Cir. 2012). The parties have been proceeding with discovery. Pursuant to the current scheduling order, fact discovery was set to end on July 26, 2021,[1] expert discovery on September 8, 2021, and pre-motion conference requests for the anticipated motions for summary judgment are due September 22, 2021. Further, there is a pre-trial conference scheduled for September 24,

---

[1] The parties conferred regarding this request on July 22, 2021. Prior to the decision to request this stay, defendants intended to seek an enlargement of time to complete fact discovery to conduct depositions of the plaintiffs. Plaintiffs oppose a request for enlargement of time and oppose the depositions. Given the instant request for a stay, and the potential that the Bruen decision will resolve this matter or otherwise change the focus of any remaining discovery, defendants will raise the issue of depositions, if necessary and appropriate, upon lifting of the stay.

2021. However, both parties agree that the upcoming decision in <u>Bruen</u> is likely to resolve some or potentially all of the legal questions at issue here.

In <u>Bruen</u>, the plaintiffs challenge the "proper cause" requirement to obtain a concealed carry handgun license as set forth in the New York State Penal Law and as applied in Rensselaer County, New York. The District Court dismissed the <u>Bruen</u> Complaint, and the Second Circuit affirmed that dismissal, based in part on the legal authority set forth in <u>Kachalsky</u>. On April 26, 2021, the Supreme Court granted the <u>Bruen</u> plaintiffs' application for <u>certiorari</u> to decide "whether the State's denial of petitioners' applications for concealed-carry licenses for self-defense violated the Second Amendment." Similarly, the instant plaintiffs challenge the denial of their applications for concealed carry handgun licenses by the New York City Police Department ("NYPD") License Division due to the License Division's finding that the plaintiffs did not meet the same "proper cause" requirement. Accordingly, as it appears that the decision in Bruen will necessarily review the application of the State's proper cause requirement, that decision is likely to be dispositive of the instant action either in whole or in part.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Louis Vuitton Malletier S.A. v. LY USA, Inc.</u>, 676 F.3d 83, 96 (2d Cir. 2012) (<u>quoting</u> <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936)). "Postponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy." <u>Jugmohan v. Zola</u>, 2000 U.S. Dist. LEXIS 1910, *5 (S.D.N.Y. Feb. 25, 2000); <u>Sikhs for Justice v. Nath</u>, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (A court may "properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action."). In determining whether to grant a stay, courts in this district consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See <u>Loftus v. Signpost Inc.</u>, 464 F. Supp. 3d 524, 526-27 (S.D.N.Y. 2020) (citing <u>Kappel v. Comfort</u>, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

Here, the parties agree that all five factors indicate a stay is warranted. Both plaintiffs and defendants believe that their interests are best served by a stay, and that, should they be required to complete discovery and brief motions for summary judgment prior to a decision in <u>Bruen</u>, it is likely that additional briefing and potentially additional discovery, would be necessary after the <u>Bruen</u> decision is rendered in the event that <u>Bruen</u> does not dispose of all claims in this action  For the same reasons, the interests of the court, potentially interested third parties, and the public interest would also be served by a stay pending the Supreme Court decision for the purposes of efficiency. This is especially proper here, where "[e]ven a decision from the Supreme Court that would not be dispositive of issues in this case could contain guidance that would allow this litigation to proceed on a reasonable and efficient basis." <u>Loftus</u>, 464 F. Supp. 3d at 527.

Accordingly, for the reasons described above, the parties respectfully request that the court stay this matter until after a decision is issued in <u>Bruen</u>.

Respectfully submitted,

/S

Aimee K. Lulich and Thomas Rizzuti
Assistant Corporation Counsels