UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE GRECO; JEFFREY ORTIZ; STEVEN INSALACO; JOHN J. WINTERS; MICHAEL RICATTO; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> CITY OF NEW YORK; and KEECHANT L. SEWELL,[1] in her official capacity as Commissioner of the New York City Police Department, <br><br> Defendants. | No. 20-cv-09265 (LJL) <br><br> STIPULATION OF DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(ii) |

WHEREAS, Plaintiffs George Greco, Jeffrey Ortiz, Steven Insalaco, John J. Winters, Michael Ricatto, Second Amendment Foundation and Firearms Policy Coalition, Inc. filed a Complaint and Amended Complaint alleging that Defendants City of New York and the NYPD Police Commissioner had violated their Second Amendment right to keep and bear arms by denying their various applications to renew licenses to carry handguns, and otherwise, by enforcing certain laws, policies, practices and customs pertaining handgun licenses; and

WHEREAS, the specific laws, policies, practices and customs that Plaintiffs challenged were the "proper cause" requirements set forth in Penal Law § 400.00(2)(f) and implemented by Defendants by means of Title 38, Section 5-03 of the Rules of the City of New York, as well as a Title 38, Section 5-05(b)(8), which required a "letter of necessity"; and

---

[1] Commissioner Keechant L. Sewell is the successor to Commissioner Dermot Shea.

-2-

WHEREAS, Plaintiffs moved for a preliminary injunction following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. __, 142 S. Ct. 2111 (2022), which motion remains pending; and

WHEREAS, effective September 1, 2022, the New York State Legislature amended Penal Law § 400.00(2)(f) to eliminate the "good cause" requirement effective September 1, 2022 (L. 2022, ch. 371, § 1); and

WHEREAS, effective August 18, 2022, the Commissioner Sewell adopted an emergency rule that amended the Rules of the City of New York to eliminate the "proper cause" requirement and the aspects of the "letter of necessity" requirement that Plaintiffs had complained of; and

WHEREAS, the NYPD License Division has issued unrestricted "Business Carry" licenses to Plaintiffs Greco, Ortiz, Insalaco, Winters and Ricatto; and

WHEREAS, as a result of the foregoing, this matter is moot;

This portion of the page is left intentionally blank.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel(s) that Plaintiffs' motion for a preliminary injunction is withdrawn and the above-captioned action is voluntarily dismissed pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, with prejudice as to the specific Rules of the City of New York provisions challenged in the Complaint, with both parties to bear their own fees and costs.

Dated: October 19, 2022
       New York, New York

                                                  Respectfully submitted,

*/s/ David D. Jensen*

David D. Jensen
David Jensen PLLC
33 Henry Street
Beacon, New York 12508
Tel: 212.380.6615
david@djensenpllc.com

Attorney for Plaintiffs

*/s/ Aimee Lulich*

Thomas Rizutti
Aimee K. Lulich
Corporation Counsel of the
  City of New York
100 Church Street
New York, New York 10007
(212) 356-2369

Attorneys for Defendants

It is SO ORDERED this __24__ day of October, 2022.

*/s/ Lewis J. Liman*

LEWIS J. LIMAN
DISTRICT JUDGE

                                      The Clerk of Court is respectfully directed to lift the stay and close this case.